14 F.3d 601
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Jerome Franklin LEWIS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-1781.
 United States Court of Appeals, Sixth Circuit.
 Dec. 22, 1993.
 
 Before: MERRITT, Chief Judge; SUHRHEINRICH and SILER, Circuit Judges.
 
 
 1
 Jerome Franklin Lewis, a pro se federal prisoner, appeals a district court judgment denying his motion to vacate sentence filed under 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Pursuant to a Rule 11 plea agreement, Lewis pleaded guilty to one count of bank fraud under 18 U.S.C. Sec. 1344 for which he received a 12 month sentence of incarceration to be followed consecutively by six months of incarceration for violating his bond from a credit card fraud conviction.
 
 
 3
 On direct appeal, he challenged the manner in which the court structured his sentence pursuant to 18 U.S.C. Sec. 3147 and the computation of his sentence under the Sentencing Guidelines. This court found that the district court properly applied Sec. 3147, and that because Lewis failed to object to his sentence at the sentencing hearing, he had waived his claims challenging the computation of his sentence. See United States v. Lewis, 991 F.2d 322, 323-24 (6th Cir.1993).
 
 
 4
 Lewis thereafter filed his Sec. 2255 motion which has been construed as alleging ineffective assistance of counsel because counsel: (1) advised Lewis to plead guilty based on juror racism, (2) did not adequately prepare the case, (3) did not properly point out errors in his presentence investigation report (PSI) report, and (4) did not explain that the PSI report would be used in calculating Lewis's sentence. He also alleged that the district court violated Fed.R.Crim.P. 32 in sentencing him based on alleged errors contained in his PSI report. A magistrate judge found that Lewis had originally made a direct attack on the alleged erroneous PSI report in his Sec. 2255 motion, but withdrew that issue in his supplemental memorandum filed on August 26, 1992. He also found that Lewis's ineffective assistance of counsel claim was frivolous. Upon de novo review in light of Lewis's objections, the district court adopted the magistrate judge's recommendation and dismissed the case.
 
 
 5
 In a somewhat confusing brief and for the first time on appeal, Lewis makes several challenges to the computation of his sentence under the Sentencing Guidelines, issues which he had raised at the time of his direct appeal, but not in his Sec. 2255 motion. He continues to argue that his counsel's representation was ineffective.
 
 
 6
 This court has already ruled in Lewis's direct criminal appeal that Lewis had waived his right to challenge the computation of his sentence by failing to object to the computation of his sentencing hearing. Id. He likewise cannot do so now in a Sec. 2255 proceeding. See United States v. Walsh, 733 F.2d 31, 35 (6th Cir.1984).
 
 
 7
 Upon review, we conclude that the district court properly denied Lewis's Sec. 2255 motion because Lewis has failed to establish the denial of a substantive right or defect in the proceedings that is inconsistent with the rudimentary demands of fair procedure. See United States v. Timmreck, 441 U.S. 780, 783-84 (1979); United States v. Ferguson, 918 F.2d 627, 630 (6th Cir.1990) (per curiam). Lewis's ineffective assistance of counsel claim is without merit in all respects because he has failed to show that his counsel's performance was deficient and that, but for counsel's alleged errors, he would not have pleaded guilty and would have insisted on going to trial. See Hill v. Lockhart, 474 U.S. 52, 59 (1985).
 
 
 8
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.