**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jerome LEWIS, Defendant–Appellant.**

No. 92–1826.

United States Court of Appeals, Sixth Circuit.

Argued Jan. 20, 1993.

Decided April 14, 1993.

Blondell Morey, Asst. U.S. Atty., Christopher P. Yates, (argued and briefed), Detroit, MI, for plaintiff-appellee.

Thomas V. Wilhelm (argued and briefed), Bloomfield Hills, MI, for defendant-appellant.

Jerome Lewis, pro se.

Before: KENNEDY and BATCHELDER, Circuit Judges; and BECKWITH, District Judge.*

BATCHELDER, Circuit Judge.

In July of 1990 Jerome Lewis went to an office of Bank One in East Lansing, Michigan, and applied for a loan to help finance the purchase of an Excalibur luxury car. In filling out the loan application, Lewis blatantly lied about important information such as the value of his assets, the length and locale of his employment, and the amount of his salary. He declined to mention that he was out on bond pending his Federal sentencing for credit-card fraud. The bank wrote Mr. Lewis a check for $28,000; he subsequently made two loan payments and then no more.

The Government secured an indictment for bank fraud against Lewis. He pled guilty after signing a Fed.R.Crim.P. 11 plea agreement. Lewis's presentence report ("PSR") was distributed in May 1992; it recommended a sentence range of 18 to 24 months under the United States Sentencing Guidelines ("Guidelines"). The sentence consisted of 12 months imprisonment for bank fraud, to be followed consecutively by six months imprisonment for

---

* The Honorable Sandra S. Beckwith, United States District Judge for the Southern District of Ohio, sitting by designation.

violating his bond from the credit card fraud conviction. On appeal, Mr. Lewis challenges his sentence; we affirm.

## I.

■ Mr. Lewis contends that the District Court erred in imposing an additional sentence for breaking the law while released on bond. He argues that neither the court nor the Government gave him sufficient notice either at the time of his release or prior to sentencing that additional penalties would apply to any sentence resulting from his being convicted of a crime committed while released on bond. Since the Sentencing Guidelines require such notice, he claims that any such sentence imposed in violation of the prescribed procedure is unlawful.

This court has never decided what type of notice to the defendant, if any, is required prior to tacking on an additional sentence, or enhancing a sentence handed down for conviction for a crime committed while the perpetrator was released on bond pursuant to 18 U.S.C. § 3147.[1] The Courts of Appeals which have visited the matter, however, have split on the issue.

In *United States v. Cooper*, 827 F.2d 991 (4th Cir.1987), the court held that no enhancement under § 3147 is proper unless the judge initially authorizing release gave adequate and specific notice to the defen-

dant of potential punishment under the statute and of the conditions under which it would apply. *Cooper*, 827 F.2d at 995. The court noted that 18 U.S.C. § 3142 requires that the releasing judge inform a defendant being released on bond of the penalties and sentence enhancements that apply to those who violate the conditions of their release. While recognizing that § 3147 does not make notice a prerequisite to sentence enhancement, the court cited the Congress's "silence" on the matter and the "ambiguity" in the statute which justified its delving into the legislative history. *Id.* at 994. The court discovered that the Federal bond release provisions were based on District of Columbia law; while the D.C. statute corresponding to § 3147 specified that prior notice was *not* required, Congress "omit[ted] any comparable provision." *Id.* This, the court concluded, showed that "Congress did not intend § 3147 to apply ... where the warning was not given."[2]

The Third Circuit stands at the other end of the spectrum with *United States v. Di Pasquale*, 864 F.2d 271 (3d Cir.1988), *cert. denied*, 492 U.S. 906, 109 S.Ct. 3216, 106 L.Ed.2d 566 (1989). The defendant there appealed his sentencing for lack of notice of § 3147, citing *Cooper*. The court rejected the holding in *Cooper*, reasoning that nothing in the statute warranted reading

---

1. The statute simply states that

    [a] person convicted of an offense committed while released under this chapter shall be sentenced, in addition to the sentence prescribed for the offense to—

    (1) a term of imprisonment of not more than ten years if the offense is a felony; or

    (2) a term of imprisonment of not more than one year if the offense is a misdemeanor. A term of imprisonment imposed under this section shall be consecutive to any other sentence of imprisonment.

    18 U.S.C. § 3147. The applicable sentencing guideline provides:

    If an enhancement under 18 U.S.C. § 3147 applies, add 3 levels to the offense level for the offense committed while on release as if this section were a specific offense characteristic contained in the offense guideline for the offense committed while on release.

    U.S.S.G. § 2J1.7. The "Background" section of the accompanying Commentary provides:

    An enhancement under 18 U.S.C. § 3147 may be imposed only after sufficient notice to the defendant by the government or the court, and applies only in the case of a conviction for a federal offense that is committed while on release on another federal charge.

    *Id.*

2. Some courts have agreed with *Cooper*. *See United States v. DiCaro*, 852 F.2d 259, 264 (7th Cir.1988) (following *Cooper* in holding that "the Bail Reform Act itself precludes the sentencing under § 3147 of a person who was not advised at the time of release of the penalties for committing the offense while released on bond"); *United States v. Fredericks*, 725 F.Supp. 699 (W.D.N.Y.1989) (following *Cooper* and *DiCaro* in holding that defendant who was informed of potential punishment for violating the law while out on bond could not receive additional consecutive sentence under § 3147 where he was not specifically advised of such possibility at time of release; rejecting *Di Pasquale* as being "not persuasive").

the notice requirements of § 3142 into § 3147, since the court saw "no … ambiguities in the language of the provision." *Di Pasquale*, 864 F.2d at 281. The *Di Pasquale* court opined that the Fourth Circuit in *Cooper* not only turned unnecessarily to the legislative history of a clearly worded provision, but also misread the legislative history. "[T]his rationale reads too much into what was *not* said by the legislative history and reads too little of what *was* said by the statute itself." *Id.*

We agree with the Third Circuit's treatment of the issue in *Di Pasquale*. Section 3147 clearly and unambiguously mandates that the courts impose additional consecutive sentences on persons convicted of crimes they commit while released on bond. "It is a self-executing and mandatory provision of law, addressed by Congress to sentencing courts." *United States v. Feldhacker*, 849 F.2d 293, 299 (8th Cir.1988) (quoted in *Di Pasquale*).[3] The District Court properly applied it here. Lewis concedes that the release papers he signed "contained the language of § 3147 but not a citation to the statute." Even if we were to read a notice requirement into the application of this section, we would be hard pressed to hold that the releasing court not only had to inform the releasee about potential penalties, but also had to cite the relevant statutory provisions for the prisoner's edification.

### II.

█ Lewis also objects that he did not receive "formal" notice of the Government's intent to seek a § 3147 enhancement prior to sentencing, as required by the Commentary accompanying U.S.S.G. § 2J1.7, the Guidelines provision corresponding to § 3147. He also argues strenuously that the amount of loss calculated in the Presentence Report, and later adopted by the sentencing court, wrongly reflected the "intended" loss rather than the "actual" loss. Third, he objects to an enhance-

ment he received for "more than minimal planning" of his crime under U.S.S.G. § 2F1.1(b)(2). And lastly, he complains that the judge abused his discretion in imposing two consecutive sentences rather than one. Since he failed to make these objections at his sentencing, Mr. Lewis has waived them and we will therefore not consider their merits. *See United States v. Nagi*, 947 F.2d 211, 213–14 (6th Cir.1991), *cert. denied*, — U.S. —, 112 S.Ct. 2309, 119 L.Ed.2d 230 (1992).

### III.

For the reasons given, the sentence imposed by the District Court is AFFIRMED.

---

**3.** *See also United States v. Galliano*, 977 F.2d 1350, 1352 (9th Cir.1992), *cert. denied*, — U.S. —, 113 S.Ct. 1399, 122 L.Ed.2d 772 (1993) ("18 U.S.C. § 3147 is not vague or ambiguous.") We also note that 18 U.S.C. § 3148, which provides

for revocation of release and prosecution for contempt upon a showing that a releasee has broken the law while on bond, does not specify notice as a prerequisite for sanctioning a releasee.