41 F.3d 1508
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Augustine Chikadili OKAYFOR, also know as Chico, also known
as Gus, Defendant-Appellant.
 No. 94-1277.
 United States Court of Appeals, Sixth Circuit.
 Nov. 16, 1994.
 
 1
 Before: NORRIS and SUHRHEINRICH, Circuit Judges, and MILES, District Judge.*
 
 ORDER
 
 2
 Augustine Chikadili Okayfor, a federal prisoner, appeals the sentence imposed upon remand following his conviction for conspiracy to unlawfully import heroin into the United States, in violation of 21 U.S.C. Secs. 952, 960, and 963. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 A jury convicted Okayfor and seven codefendants of the offense described above. Okayfor was sentenced in June 1992, to 235 months in prison and five years of supervised release, based in part upon the district court's finding that the conspiracy involved approximately 3.5 kilograms of heroin. A panel of this court affirmed Okayfor's conviction but vacated his sentence and remanded the case for resentencing, instructing the district court to make factual findings as to the amount of heroin reasonably foreseeable to Okayfor. United States v. Okayfor, 996 F.2d 116, 121-22 (6th Cir.) (per curiam), cert. denied, 114 S.Ct. 238 (1993). After receiving sentencing memoranda from each party, the district court conducted a resentencing proceeding on February 10, 1994. The court adopted the factual findings contained in the government's sentencing memorandum and resentenced Okayfor to 210 months in prison and five years of supervised release. This sentence had been agreed to by Okayfor upon the assumption that the court would adopt the findings made by the government.
 
 
 4
 Okayfor's court-appointed counsel has filed a motion to withdraw pursuant to Anders v. California, 386 U.S. 738 (1967). In his accompanying brief, counsel raises the following issues: (1) the district court did not explicitly set forth its factual findings, and (2) substitute counsel rendered ineffective assistance at the resentencing proceeding. Okayfor has filed pro se motions for an extension of time in which to perfect his appeal of the ineffective assistance of counsel issue and for the appointment of new counsel.
 
 
 5
 Upon review, we grant counsel's motion to withdraw from this case because Okayfor's appeal is without merit. The brief submitted pursuant to Anders reflects a careful review of the record, concludes that no reversible error exists, and adequately sets forth conceivable issues for appeal. The district court's judgment is affirmed because that court did not err in adopting the government's factual findings and imposing sentence.
 
 
 6
 Although it would have been preferable for the district court to make its own explicit findings of fact on the record, the court did "accept as my findings of fact" the position as to foreseeable drug quantity presented in the government's sentencing memorandum. This result was anticipated by Okayfor and his attorney and he did not object to the district court's adoption of those findings at the resentencing proceeding. See United States v. Osborne, 931 F.2d 1139, 1149 (7th Cir.1991) (defendant was on notice that the court would adopt either his proposed findings or the government's, and that he and his counsel should be prepared to submit supportive evidence). Thus, Okayfor has waived his right to appeal this issue. See United States v. Lewis, 991 F.2d 322, 324 (6th Cir.1993). In any event, the findings adopted by the district court regarding the drug quantity attributable to Okayfor are not clearly erroneous. See United States v. Davis, 981 F.2d 906, 911-12 (6th Cir.1992), cert. denied, 113 S.Ct. 2361 (1993).
 
 
 7
 As a general rule, a defendant may not raise a claim of ineffective assistance of counsel for the first time on direct appeal because there has not been an opportunity to develop and include in the record evidence bearing on the merits of the allegations. United States v. August, 984 F.2d 705, 711 (6th Cir.1992) (per curiam), cert. denied, 114 S.Ct. 158 (1993). " 'The more preferable route for raising an ineffective assistance of counsel claim is in a post-conviction proceeding under 28 U.S.C. Sec. 2255, which allows the parties to develop an adequate record on the issue.' " United States v. Vincent, 20 F.3d 229, 237-38 (6th Cir.1994) (quoting United States v. Carr, 5 F.3d 986, 993 (6th Cir.1993)). We decline to depart from the general rule in this case because the record before the court is inadequate to resolve Okayfor's ineffective assistance claim. For this reason, his motion for an extension of time to file an additional brief presenting this issue is denied.
 
 
 8
 Accordingly, counsel's motion to withdraw is granted. Okayfor's motions for extension of time and appointment of new counsel are denied. The district court's judgment, entered on March 8, 1994, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Wendell A. Miles, U.S. District Judge for the Western District of Michigan, sitting by designation