41 F.3d 1508
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ahmed JOHNSON, Defendant-Appellant.
 No. 93-4285.
 United States Court of Appeals, Sixth Circuit.
 Nov. 22, 1994.
 
 1
 Before: KENNEDY and SUHRHEINRICH, Circuit Judges, and ZATKOFF, District Judge.*
 
 ORDER
 
 2
 Ahmed Johnson appeals his convictions and sentence for two counts of armed bank robbery and two counts of using a firearm in connection with a crime of violence. 18 U.S.C. Secs. 924(c)(1), 2113(a) and (d). His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 On September 24, 1993, Johnson pleaded guilty to these charges in exchange for the government's agreement to dismiss two other charges. On November 17, 1993, the district court sentenced Johnson to an aggregate term of 32 years of imprisonment and 3 years of supervised release. It is from this judgment that Johnson now appeals.
 
 
 4
 Johnson's attorney has filed a motion to withdraw, with a brief indicating that no non-frivolous issues may be raised in this appeal. See Rule 12(d)(3), Rules of the Sixth Circuit; Anders v. California, 386 U.S. 738, 744 (1967). Johnson has not filed a response, even though he was served with a copy of the motion and advised that he would have 21 days to do so.
 
 
 5
 An independent review of the record reveals no substantial issues that would support an appeal in this case. The re-arraignment transcript indicates that Johnson's guilty plea was intelligent and voluntary. See Brady v. United States, 397 U.S. 742, 749 (1970). The trial judge determined that Johnson understood the charges against him, the maximum penalties that he might receive, the constitutional rights that he was waiving and the consequences of his plea. Johnson indicated that he was certain that he wanted to plead guilty and described the factual basis for his plea. Johnson also signed a plea agreement which indicates that his plea was valid. Counsel signed the plea agreement and represented Johnson at the re-arraignment. Under these circumstances, it would be frivolous to argue that Johnson's plea was invalid.
 
 
 6
 At sentencing, Johnson argued that his criminal history category had been miscalculated because it treated three prior convictions separately, even though he pleaded guilty to these offenses on the same day. Counsel now concedes that this argument lacks merit. Separate treatment of the disputed offenses was proper because they were separated by intervening arrests. See United States v. Davis, 15 F.3d 526, 532 (6th Cir.1994). Absent plain error, Johnson has waived any other arguments that he might have regarding his sentencing by failing to raise them at that time. See United States v. Lewis, 991 F.2d 322, 324 (6th Cir.1993). It appears that the sentencing judge was aware of her discretion to depart from the guideline range and sentenced Johnson to the shortest term of imprisonment that was prescribed by the applicable statutes and guidelines. Under these circumstances, any challenge to Johnson's sentence would be unavailing.
 
 
 7
 Accordingly, counsel's motion to withdraw is granted and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Lawrence P. Zatkoff, U.S. District Judge for the Eastern District of Michigan, sitting by designation