46 F.3d 1132
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES, Plaintiff-Appellee,
v.
Mark WHITE, Defendant-Appellant.
 No. 93-3441.
 United States Court of Appeals, Sixth Circuit.
 Feb. 6, 1995.
 
 1
 Before: KEITH and NELSON, Circuit Judges, and HORTON, District Judge.*
 
 ORDER
 
 2
 Mark White appeals his convictions and sentence for unlawful use of a firearm and conspiracy to possess cocaine and cocaine base for intended distribution. 18 U.S.C. Sec. 924(c); 21 U.S.C. Sec. 846. His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed. R. App. P. 34(a).
 
 
 3
 White pleaded guilty to these charges on November 24, 1992. On April 8, 1993, the district court sentenced him to an aggregate term of 12 years of imprisonment and 5 years of supervised release. It is from this judgment that White now appeals. White's attorney has filed a motion to withdraw, with a brief indicating that only frivolous issues may be raised in this appeal. See Anders v. California, 386 U.S. 738, 744 (1967). White has not filed a response, even though he was advised that he would have 21 days in which to do so.
 
 
 4
 An independent review of the record shows that White's guilty plea was intelligent and voluntary. See Brady v. United States, 397 U.S. 742, 749 (1970). The trial judge determined that White understood the charges against him, the constitutional rights that he was waiving and the consequences of his plea. White indicated that he wanted to plead guilty and described the factual basis for his plea. He also signed a plea agreement which indicates that his plea was valid. Counsel signed the plea agreement and represented White at the re-arraignment.
 
 
 5
 White was also represented by counsel at sentencing, where he withdrew the only objection that he had raised to the presentence investigation report. Thus, in the absence of plain error, White has waived any arguments that he might have regarding his sentencing. See United States v. Lewis, 991 F.2d 322, 324 (6th Cir. 1993). White's sentence was wholly consistent with his plea agreement, and the trial judge exercised his discretion to depart downward from the range that was prescribed by the sentencing guidelines. Thus, it appears that any challenge to White's conviction or sentence would be unavailing.
 
 
 6
 Accordingly, counsel's motion to withdraw is granted, and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Odell Horton, United States District Judge for the Western District of Tennessee, sitting by designation