50 F.3d 11
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES, Plaintiff-Appellee,
v.
Howard Wayne BUSHAY, Defendant-Appellant.
 No. 94-3508.
 United States Court of Appeals, Sixth Circuit.
 March 20, 1995.
 
 1
 Before: NORRIS and SUHRHEINRICH, Circuit Judges, and BERTELSMAN, Chief District Judge.*
 
 ORDER
 
 2
 Howard Wayne Bushay appeals his conviction and sentence for conspiracy to possess cocaine base for intended distribution, in violation of 21 U.S.C. Sec. 846. His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 Bushay pleaded guilty to this charge on January 20, 1994. On April 22, 1994, the district court sentenced him to an aggregate term of 6 years of imprisonment and 4 years of supervised release. It is from this judgment that Bushay now appeals.
 
 
 4
 Bushay's appellate counsel has filed a motion to withdraw, with a brief indicating that only frivolous issues may be raised in this appeal. See Anders v. California, 386 U.S. 738, 744 (1967). Subsequently, Bushay filed a request for an extension of time for filing a direct appeal. Initially, we note that Bushay's request lacks merit because his trial counsel filed a timely notice of appeal on his behalf. It would not be appropriate to appoint new counsel because an independent review of the record reveals no meritorious grounds for a direct appeal.
 
 
 5
 Bushay's guilty plea was intelligent and voluntary. See Brady v. United States, 397 U.S. 742, 749 (1970). The trial judge determined that Bushay understood the charges against him, the constitutional rights that he was waiving and the consequences of his plea. Bushay indicated that he wanted to plead guilty and described the factual basis for his plea. He also signed a plea agreement which indicates that his plea was valid. Counsel signed the plea agreement and represented Bushay at the re-arraignment.
 
 
 6
 At Bushay's request, appellate counsel raises the issue of whether the Violent Crime Control and Law Enforcement Act of 1994 applies in this case. In pertinent part, this Act amends 18 U.S.C. Sec. 3553 by eliminating the mandatory minimum sentence for violating 21 U.S.C. Sec. 846, if certain criteria are met. However, Bushay does not meet these criteria because he had more than 1 criminal history point. In addition, the amendment only applies to sentences imposed on or after October 3, 1994, several months after Bushay was sentenced.
 
 
 7
 Bushay was represented by counsel at sentencing, and the trial court granted the only objection that he raised to his presentence investigation report. Thus, in the absence of plain error, Bushay has waived any other arguments that he might have regarding his sentencing by failing to raise them at that time. See United States v. Lewis, 991 F.2d 322, 324 (6th Cir.1993). Bushay's sentence was wholly consistent with his plea agreement, and the trial judge exercised his discretion to depart downward from the sentencing guideline range. Thus, it appears that any challenge to Bushay's conviction or sentence would be unavailing.
 
 
 8
 Accordingly, Bushay's motion for an extension is denied, counsel's motion to withdraw is granted, and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable William O. Bertelsman, Chief United States District Judge for the Eastern District of Kentucky, sitting by designation