51 F.3d 273
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Garfield SIMONS, Defendant-Appellant.
 No. 94-3940.
 United States Court of Appeals, Sixth Circuit.
 April 4, 1995.
 
 1
 Before: KENNEDY and MILBURN, Circuit Judges, and WISEMAN, District Judge.*
 
 ORDER
 
 2
 Michael Garfield Simons (alias Michael Garfield Dixon) appeals his convictions and sentence for nine counts of using a false social security number, in violation of 42 U.S.C. Sec. 408(a)(7)(B). His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 Simons pleaded guilty to these charges on May 27, 1994. On August 29, 1994, the district court sentenced him to an aggregate term of twelve months and one day of imprisonment, in addition to two years of supervised release. It is from this judgment that Simons now appeals.
 
 
 4
 Simons's counsel has filed a motion to withdraw, with a brief indicating that only frivolous issues may be raised in this appeal. See Anders v. California, 386 U.S. 738, 744 (1967). Our independent review of the record also reveals no meritorious grounds that would support a direct appeal.
 
 
 5
 Simons's guilty plea was intelligent and voluntary. See Fed.R.Crim.P. 11; Brady v. United States, 397 U.S. 742, 749 (1970). The trial judge carefully determined that Simons understood the charges against him, the constitutional rights that he was waiving and the consequences of his plea. Simons indicated that he wanted to plead guilty and described the factual basis for his plea. He also signed a plea agreement indicating that his plea was valid. Counsel signed this agreement and represented Simons at his re-arraignment.
 
 
 6
 Simons was also represented by counsel at sentencing, but he did not raise any significant objections to the presentence investigation report. Thus, in the absence of plain error, Simons has waived any arguments that he might have regarding his sentencing by failing to raise them at that time. See United States v. Lewis, 991 F.2d 322, 324 (6th Cir.1993).
 
 
 7
 Accordingly, counsel's motion to withdraw is granted, and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas A. Wiseman, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation