51 F.3d 274
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Carl Martin STACY, Defendant-Appellant.
 No. 93-6204.
 United States Court of Appeals, Sixth Circuit.
 April 5, 1995.
 
 Before: JONES, NORRIS and DAUGHTREY, Circuit Judges.
 OPINION
 PER CURIAM.
 
 
 1
 Defendant, Carl Martin Stacy, appeals his conviction and sentence for drug-trafficking and firearm offenses. He raises questions related to the sufficiency of the evidence, ineffective assistance of counsel, admission of certain evidence, and computation of his sentence. For the reasons discussed below, we conclude defendant's arguments lack merit and therefore affirm his conviction and sentence.
 
 I.
 
 2
 On January 7, 1993, a grand jury returned a three-count indictment against defendant and three codefendants. Count One alleged that defendant conspired with the three codefendants to possess with intent to distribute marijuana, in violation of 21 U.S.C. Sec. 846. Count Two alleged that defendant and his codefendants, aided and abetted by each other, possessed with intent to distribute marijuana, in violation of 21 U.S.C. Sec. 841(a)(1) and 18 U.S.C. Sec. 2. Count Three alleged that defendant and his codefendants, aided and abetted by each other, knowingly used and carried two firearms during and in relation to a drug-trafficking crime, in violation of 18 U.S.C. Sec. 924(c)(1) and 18 U.S.C. Sec. 2.
 
 
 3
 Defendant's first trial ended in a hung jury. Following a second trial, a jury convicted him on all three counts. He received a sentence of eighty-one months in prison.
 
 
 4
 The prosecution stemmed from an undercover operation conducted by the Kentucky State Police in Magoffin County, Kentucky. In the course of this operation, undercover police detectives discussed with codefendant Joseph Cobern the possibility of purchasing marijuana. Cobern indicated that he knew of a source who might have as much as thirty pounds of marijuana for sale. The detectives and Cobern then drove to the home of codefendant Kernie Bailey, the man whom Cobern indicated actually knew the marijuana source. The parties agreed to a price and arranged to complete the sale at a roadside park the following evening.
 
 
 5
 The next evening, the detectives met Cobern and Bailey, who arrived in Bailey's car with two other men, defendant and codefendant Roger Pelfrey. Defendant was seated in the rear seat on the passenger's side. Cobern left Bailey's vehicle, approached the detectives' car, and got in. He explained that defendant and Pelfrey owned the marijuana and had come along because they did not trust Cobern. After examining a small amount of marijuana Cobern had brought with him, the detectives asked to see the rest of it.
 
 
 6
 Cobern walked back to Bailey's car and returned with a large garbage bag containing approximately seventeen pounds of marijuana. Other police officers then converged and arrested all four defendants. Upon searching Bailey's vehicle, the officers discovered two handguns, one in the middle of the back seat and one under the driver's seat. The weapon found in the back seat contained ammunition identical to ammunition that police officers found in defendant's pocket.
 
 II.
 
 7
 Defendant first argues that the trial court erred in denying his motions for a judgment of acquittal on all charges, which he made during and at the conclusion of his first trial. He argues his second trial resulted from the erroneous denial of these motions and should never have occurred.
 
 
 8
 We must affirm the denial of a motion for judgment of acquittal if, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979). Applying this standard to the evidence presented at defendant's first trial, we hold that the district court properly denied defendant's motions.
 
 
 9
 Two police officers testified that codefendant Cobern stated, at the time of the sale, that defendant owned the marijuana and had come to the buy site because he did not trust Cobern. They further testified that defendant was seated in the car that contained the marijuana and the firearms. This testimony provided sufficient evidence to convict defendant of the drug-trafficking charges.
 
 
 10
 From the officers' testimony, the jury could have reasonably inferred that defendant knew of, intended to join, and participated in the conspiracy and that he was not merely an innocent bystander to a drug deal. Similarly, the officers' testimony provided sufficient evidence that defendant owned the marijuana and brought it for sale.
 
 
 11
 The government also presented sufficient evidence at the first trial to allow a rational jury to find that defendant used or carried a firearm during or in relation to a drug-trafficking offense. The police officers testified they found a handgun in the back seat fully loaded with ammunition identical to ammunition defendant carried in his pocket. We have held that
 
 
 12
 the government is not required to show that the defendant displayed or brandished the firearm. Even if a firearm remains hidden throughout a crime, its concealed presence may have been in relation to the crime if it facilitated the crime by emboldening the defendant, giving him the security and confidence to undertake the criminal act.
 
 
 13
 United States v. Brown, 915 F.2d 219, 224 (6th Cir.1990). Here, the jury could have reasonably concluded that the weapon's presence gave defendant the confidence to participate in the drug transaction.
 
 
 14
 Defendant next contends that he received ineffective assistance of counsel because his trial counsel failed to move for severance of Counts One and Two, the drug-trafficking charges, from Count Three, the firearms charge. As we have often held, this court will generally not consider an ineffective assistance argument raised for the first time on direct appeal because the record has not been sufficiently developed for assessing the merits of the contention. United States v. Goodlett, 3 F.3d 976, 980 (6th Cir.1993). We see no reason to deviate from our usual rule here, and therefore we will not consider defendant's ineffective assistance argument.
 
 
 15
 Next, defendant argues that the trial court improperly admitted evidence about why drug dealers use firearms. At defendant's second trial, Detective Lloyd Stapleton testified that drug dealers fear being "ripped off" during deals and thus carry weapons for defense or retaliation. Defendant argues the prejudicial nature of this evidence outweighed its probative value and that its admission therefore denied him his right to a fair trial.
 
 
 16
 This argument is without merit. Defendant did not object to this evidence at trial. Therefore, this court reviews its introduction under the plain error standard. United States v. Morrow, 977 F.2d 222, 228 (6th Cir.1992) (en banc ), cert. denied, 113 S.Ct. 2969 (1993). The plain error exception to the contemporaneous objection rule is to be used only in those circumstances in which a miscarriage of justice would otherwise result. United States v. Young, 470 U.S. 1, 15 (1985). Detective Stapleton's testimony did not create a miscarriage of justice. In fact, his testimony, although perhaps somewhat prejudicial, had substantial probative value. As noted above, a jury may convict under 18 U.S.C. Sec. 924(c)(1) if it finds that the presence of the firearm "emboldened" a defendant during or in relation to a drug-trafficking crime. Evidence about what defendant may have feared is highly probative in the jury's assessment of why he had carried a firearm and thus in its ultimate resolution of the firearms charge.
 
 
 17
 Finally, defendant raises two issues with respect to his sentence. First, he contends the district court erred in refusing to grant a downward departure under the Sentencing Guidelines. This argument is meritless. As opposed to a district court's application of the Sentencing Guidelines, a refusal to grant a downward departure is "simply nonappealable." United States v. Moss, 9 F.3d 543, 554 (6th Cir.1993).
 
 
 18
 Second, defendant argues that the district court erroneously increased his offense level by two levels for obstruction of justice pursuant to Sec. 3C1.1 of the Sentencing Guidelines. The district court imposed this enhancement because it found that defendant lied on the stand when he testified that he knew nothing about the drug deal. Defendant concedes that he failed to raise this issue below.
 
 
 19
 It is well established that this court will not consider on appeal an asserted misapplication of the guidelines which a defendant failed to argue in the district court. United States v. Lewis, 991 F.2d 322, 324 (6th Cir.1993). Therefore, defendant has waived this issue. In any event, the district court's finding that defendant could not have been in a car with seventeen pounds of marijuana without at least the odor alerting him to the situation is not clearly erroneous.
 
 III.
 
 20
 For the foregoing reasons, we affirm defendant's conviction and sentence.