57 F.3d 1072
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Robert RUMPH, Defendant-Appellant.
 No. 94-1780.
 United States Court of Appeals, Sixth Circuit.
 June 14, 1995.
 
 1
 Before: NELSON and DAUGHTREY, Circuit Judges, and JARVIS, Chief District Judge.*
 
 ORDER
 
 2
 Robert Rumph appeals his conviction and sentence for conspiring to distribute cocaine and possessing cocaine for intended distribution, in violation of 21 U.S.C. Secs. 846 and 841(a)(1). Rumph requests oral argument pro se. However, counsel have waived oral argument, and the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 Rumph pleaded guilty to these charges pursuant to a Rule 11 plea agreement which indicated that his sentence would not exceed the midpoint of the applicable guideline range. On June 27, 1994, the district court sentenced Rumph to an aggregate term of 189 months of imprisonment and 5 years of supervised release. It is from this judgment that he now appeals.
 
 
 4
 Rumph argues that there was not a sufficient factual basis for his plea, because the district court did not establish that he understood the meaning of conspiracy or that he had participated in a conspiracy here. Establishing the factual basis of a plea is required by Fed.R.Crim.P. 11(f), rather than the Constitution. United States v. McGlocklin, 8 F.3d 1037, 1047 (6th Cir.1993) (en banc), cert. denied, 114 S.Ct. 1614 (1994). The district court substantially complied with Rule 11, as Rumph acknowledged that he was charged with conspiring to distribute cocaine with his co-defendants and others. See United States v. Stead, 746 F.2d 355, 356-57 (6th Cir.1984), cert. denied, 470 U.S. 1030 (1985). He also admitted that he had reached an agreement with his co-defendants regarding the distribution of crack cocaine to other people and that he had sold and stored crack cocaine during the time specified by the conspiracy count. Moreover, the district court's colloquy with Rumph clearly indicates that his guilty plea was constitutionally valid. See Brady v. United States, 397 U.S. 742, 749 (1970).
 
 
 5
 Rumph argues that the trial court erred by denying his motions for a bill of particulars and for suppression of evidence. He argues that these rulings significantly contributed to his decision to plead guilty. However, the alleged errors did not directly affect the validity of the plea or the jurisdiction of the court. See Smith v. United States, 876 F.2d 655, 657 (8th Cir.), cert. denied, 493 U.S. 869 (1989). Moreover, Rumph did not preserve these claims by entering a conditional plea under Fed.R.Crim.P. 11(a)(2). Therefore, he has waived any objections to the district court's rulings on these motions by entering a valid guilty plea. See Tollett v. Henderson, 411 U.S. 258, 267 (1973).
 
 
 6
 Rumph argues that his sentencing range should have been reduced under USSG Sec. 3B1.2(b), because he was a minor participant in the conspiracy. However, counsel did not refer to Sec. 3B1.2(b) at sentencing, and he did not file any objections to the presentence investigation report ("PSI"), which indicated that Rumph was not a minor participant. Thus, Rumph has waived his right to assert this argument on appeal in the absence of plain error affecting his substantial rights. See United States v. Lewis, 991 F.2d 322, 324 (6th Cir.1993). The district court did not commit plain error because Rumph admitted that he sold and stored crack cocaine from 1989 to 1993. Additionally, Rumph did not dispute information in the PSI which indicated that over two kilograms of crack cocaine had been prepared on his behalf and that a significant amount of money and crack cocaine had been found in his home. See United States v. Perry, 908 F.2d 56, 58 (6th Cir.), cert. denied, 498 U.S. 1002 (1990).
 
 
 7
 Finally, Rumph argues that the district court failed to make a specific finding regarding the amount of cocaine that was attributable to him. This argument fails because the court adopted the factual findings and guideline application that were contained in the PSI. See United States v. Wilson, 920 F.2d 1290, 1295 (6th Cir.1990). The court did not attribute all of the drugs that were involved in the conspiracy to Rumph. Instead, the PSI specifically attributes only the following to him: 3.13 grams of crack cocaine that were found in Rumph's home; 2.38 kilograms of crack cocaine that an informant indicated had been prepared for Rumph; and 127.6 grams of cocaine that another informant had delivered to Rumph's home. In the absence of plain error, Rumph has waived any challenge that he might have regarding these calculations by not filing objections to the PSI. See Lewis, 991 F.2d at 324. Rumph has not shown that the district court committed plain error because the report is generally consistent with the testimony and evidence that was submitted at his suppression hearing. The PSI and the district court's findings are also consistent with the plea agreement and the expectations of the parties, who anticipated an offense level of 38 based on the distribution of 1.5 to 5 kilograms of crack cocaine. The quantity of drugs attributed to Rumph falls squarely within that range. Moreover, the 189-month sentence that he received falls exactly at the midpoint of the sentencing range that was noted on the plea agreement.
 
 
 8
 Accordingly, the district court's judgment is affirmed.
 
 
 
 *
 The Honorable James H. Jarvis, II, Chief United States District Judge for the Eastern District of Tennessee, sitting by designation