57 F.3d 1071
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Danni Lynn McCOY, Defendant-Appellant.
 No. 94-2179.
 United States Court of Appeals, Sixth Circuit.
 June 16, 1995.
 
 1
 Before: RYAN and SUHRHEINRICH, Circuit Judges, and JARVIS, Chief District Judge.*
 
 ORDER
 
 2
 Danni Lynn McCoy appeals her conviction and sentence for conspiring to distribute methcathinone, in violation of 21 U.S.C. Secs. 846 and 841(a)(1). Her appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 McCoy pleaded guilty to this charge on June 17, 1994. On October 5, 1994, the district court sentenced her to 72 months of imprisonment and three years of supervised release. It is from this judgment that she now appeals. McCoy's attorney has filed a motion to withdraw, with a brief indicating that there are no non-frivolous issues that may be raised on appeal. See Anders v. California, 386 U.S. 738, 744 (1967). McCoy has not filed a response, even though she was served with copies of the motion and brief on March 1, 1995, and advised that she would have 21 days from the date of service in which to do so.
 
 
 4
 An independent review of the record reveals no substantial issues that would support an appeal. The rearraignment transcript indicates that McCoy's guilty plea was valid and that the district court substantially complied with Fed.R.Crim.P. 11. See Brady v. United States, 397 U.S. 742, 749 (1970); United States v. Stead, 746 F.2d 355, 356-57 (6th Cir.1984), cert. denied, 470 U.S. 1030 (1985). The court determined that McCoy was competent to enter her plea and that she understood the nature of the charge, the constitutional rights that she was waiving and the consequences of her plea. McCoy stated that she wanted to plead guilty and briefly described the factual basis of her plea. She also signed a plea agreement which identified the charge as well as the rights that she would be waiving by pleading guilty.
 
 
 5
 Counsel now suggests that there may be an appealable issue regarding the yields obtained in the production of methcathinone, which is manufactured from the primary precursor ingredient ephedrine. However, in the absence of plain error, McCoy has waived this issue by not raising it in the district court. See United States v. Lewis, 991 F.2d 322, 324 (6th Cir.1993). The court did not commit plain error here because McCoy stipulated in her plea agreement that she could reasonably foresee the manufacture of 20 ounces of methcathinone, and the presentence investigation report attributed only 16 ounces of methcathinone to her, which she had actually helped to manufacture. Thus, the issue identified by counsel is unavailing, as the court did not speculate as to amount of methcathinone that might be produced. Moreover, the court based McCoy's offense level only on the amounts of methcathinone and ephedrine that were clearly attributable to her.
 
 
 6
 The district court granted McCoy's objection to the presentence investigation report and found that she had been a minor participant in the conspiracy. This reduced the applicable sentencing range to a term of 70 to 87 months of imprisonment. Absent plain error, McCoy has waived any other arguments that she might have regarding her sentencing by failing to raise them at that time. See id. No other sentencing error is apparent from the present record.
 
 
 7
 Accordingly, counsel's motion to withdraw is granted and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James H. Jarvis, II, Chief United States District Judge for the Eastern District of Tennessee, sitting by designation