64 F.3d 664
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gary S. SEVIER, Defendant-Appellant.
 No. 93-6271.
 United States Court of Appeals, Sixth Circuit.
 Aug. 9, 1995.
 
 Before: RYAN, BATCHELDER and MOORE, Circuit Judges.
 
 ORDER
 
 1
 Gary S. Sevier, a federal prisoner, appeals his conviction and sentence on one count of conspiracy to possess with intent to distribute methamphetamine in violation of 21 U..S.C. Sec. 846 and one count of possession with intent to distribute methamphetamine in violation of 21 U.S.C. Sec. 841(a)(1). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 2
 A jury found Sevier guilty of the charges described above after a two-day trial. He was sentenced on August 31, 1993, to two concurrent prison terms of 120 months followed by five years of supervised release. Judgment was entered on September 14, 1993. Sevier's sentence resulted from the application of the 10-year minimum sentence mandated by 21 U.S.C. Sec. 841(b)(1)(A)(viii).
 
 
 3
 Sevier's court-appointed counsel has filed a brief on appeal and also a motion to withdraw pursuant to Anders v. California, 386 U.S. 738 (1967). Although counsel was of the opinion that Sevier had no meritorious issues for appeal, he presented the following for review: (1) the district court erred by failing to instruct the jury on the element of venue, and (2) there was insufficient evidence to support a jury finding of proper venue. In addition, Sevier has filed a pro se response to counsel's brief, raising these additional alleged errors: (3) the conversion of methamphetamine to marijuana pursuant to the Sentencing Guidelines' drug equivalency chart was improper, (4) his base offense level should have been 30 rather than 32, and (5) the type of methamphetamine involved was never brought before the jury.
 
 
 4
 Upon review, we grant counsel's motion to withdraw because he has filed an acceptable Anders brief submitting, after a review of the entire record, that there are no worthwhile issues to raise in this appeal. We affirm the district court's judgment because the alleged errors identified by Sevier and his counsel are without merit.
 
 
 5
 Sevier's counsel first argues that the district court erred by not instructing the jury on the issue of venue. Sevier does not claim, and the record does not reflect, that he either objected to the lack of instruction on venue or specifically requested that an instruction on venue be given. Accordingly, the failure to give the instruction is reviewed only for plain error. United States v. Frazier, 936 F.2d 262, 266 (6th Cir. 1991); United States v. Moeckly, 769 F.2d 453, 459 (8th Cir. 1985), cert. denied, 475 U.S. 1015 and 476 U.S. 1104 (1986). We have reviewed the trial transcript and it is evident that proper venue was not an issue in Sevier's trial. A trial court need not give a venue instruction unless venue is specifically made an issue in the case. United States v. Rodgers, 755 F.2d 533, 549 (7th Cir.), cert. denied, 473 U.S. 907 (1985). See also Moeckly, 769 F.2d at 461 (Proof of venue may be so clear in a case that the failure to instruct on the issue is not reversible error). Thus, the failure to instruct on venue does not constitute plain error. See United States v. Olano, 113 S. Ct. 1770, 1777-79 (1993); United States v. Segines, 17 F.3d 847, 852 (6th Cir. 1994).
 
 
 6
 Counsel further argues, however, that there was insufficient evidence presented at trial to support a finding of proper venue. "Sufficient evidence exists to support a criminal conviction if, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could accept the evidence as establishing each essential element of the crime." United States v. Spears, 49 F.3d 1136, 1140 (6th Cir. 1995). Venue is an element of the prosecution's case which need only be proven by a preponderance of the evidence. United States v. Rosa, 17 F.3d 1531, 1541-42 (2d Cir.), cert. denied, 115 S. Ct. 211 (1994); United States v. Beddow, 957 F.2d 1330, 1335 (6th Cir. 1992). Proof of venue may be established by direct evidence or inferred from circumstantial evidence. United States v. Canino, 949 F.2d 928, 942 (7th Cir. 1991), cert. denied, 503 U.S. 996 and 112 S. Ct. 1940 (1992); United States v. Kiser, 948 F.2d 418, 425 (8th Cir. 1991), cert. denied, 503 U.S. 983 (1992).
 
 
 7
 Counsel does not dispute the fact that direct evidence as to the location of the offense was presented; he argues only that no evidence was presented to show that this location was within the Western District of Kentucky. Trial testimony established that the site of the drug transaction -- and of Sevier's arrest -- was the Greenwood Mall parking lot at the corner of Scottsdale Road and Cave Mill Road. However, because none of these descriptions specifically stated that the Greenwood Mall or the intersection of those two roads was in Bowling Green, Kentucky, counsel alleges that proper venue cannot be inferred.
 
 
 8
 This argument fails because three witnesses gave testimony that further identifies the location. James Hughes, a codefendant who pleaded guilty, testified that he went to Elizabethtown (Kentucky) to pick up the drugs from a man named Lew. He then testified that he returned to Bowling Green about 1 p.m. and immediately went looking for Sevier. He was directed to the Greenwood Mall. In addition, a Kentucky State Police trooper who was assigned to assist in the drug bust on August 21, 1992, testified that he was stationed in Warren County, Kentucky, on that day. Finally, the narcotics detective who worked undercover on this case testified that a resident of Bowling Green, Kentucky, telephoned him because Sevier had approached him for help in moving some narcotics in the Bowling Green area. Thus, there was sufficient evidence from which the jury could infer that both the conspiracy and the substantive offense of possession with intent to distribute took place within the Western District of Kentucky.
 
 
 9
 Sevier raises, pro se, three additional issues, all of which relate to his sentence and none of which warrants relief. None of these issues was brought to the attention of the district court at sentencing and, thus, they are waived. United States v. Lewis, 991 F.2d 322, 324 (6th Cir. 1993). In any event, they are meritless in light of Sevier's sentence to the mandatory minimum term established by Sec. 841(b)(1)(A)(viii).
 
 
 10
 Accordingly, counsel's motion to withdraw is granted. The district court's judgment, entered on September 14, 1993, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.