70 F.3d 116
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Harry WILLIAMS, Defendant-Appellant.
 No. 95-5209.
 United States Court of Appeals, Sixth Circuit.
 Oct. 18, 1995.
 
 1
 Before: MERRITT, Chief Judge; DAUGHTREY and OAKES,* Circuit Judges.
 
 ORDER
 
 2
 Harry Williams filed this direct appeal from a judgment and commitment order in a criminal case in which counsel for Williams moves to withdraw representation. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1994, Harry Williams was indicted on three counts related to an alleged drug possession and trafficking scheme. Williams later entered into a plea agreement whereby he agreed to tender guilty pleas to two counts of the indictment: count one (possession with intent to distribute cocaine, and aiding and abetting same, in violation of 21 U.S.C. Sec. 841(a)(1) and 18 U.S.C. Sec. 2), and count four (the forfeiture of properties used to commit or facilitate a controlled substance offense, in violation of 21 U.S.C. Sec. 853). The district court subsequently accepted Williams's plea and ultimately sentenced Williams to a 66 month term of imprisonment.
 
 
 4
 Counsel for Williams filed a motion to withdraw as well as a "no merit" brief pursuant to Rule 12, Rules of the Sixth Circuit and Anders v. California, 386 U.S. 738 (1967). Williams was served with this motion and a copy of the brief and was invited to respond; he has chosen not to do so.
 
 
 5
 Williams pleaded guilty to two offenses that were committed in the Eastern District of Kentucky. Specifically, Williams admitted he obtained 22 grams of cocaine in Fayette County, Kentucky, on July 20, 1994, and was apprehended in possession of 9.6 grams. Williams also conceded that he used an automobile, a Buick Park Avenue, to facilitate the offense. The language of counts one and four of the indictment tracks that of the statutes and Fayette County lies within the Eastern District of Kentucky. 28 U.S.C. Sec. 97(a). Jurisdiction thus does not appear to be an issue in this case and Williams's guilty plea acted as a waiver of any non-jurisdictional defects in the pre-plea proceedings. Tollett v. Henderson, 411 U.S. 258, 267 (1973).
 
 
 6
 The transcript of the plea colloquy reflects the district court's strict adherence to the dictates of Fed.R.Crim.P. 11(c), the court's inquiry into counsel's opinion of Williams's capacity to offer the plea, and the recitation of the factual basis for the plea. The court accurately related the maximum penalties to which Williams would be exposed and determined that he was not under the influence of any drugs. There does not appear to be any defect in the plea proceedings.
 
 
 7
 Williams was sentenced under the guidelines. The record shows that Williams and his trial counsel were provided with a copy of the presentence report and that the court sustained their only objections to the preliminary sentence calculation. The sentence meted out, 66 months, was well within the maximum exposure related to Williams at the entry of his plea. We note that the proper guideline section (USSG Sec. 2D1.1(c)(7)) was applied to Williams's case and that the actual mathematical calculations in the presentence are correct. There does not appear to be any defect in Williams's sentence and the lack of other contemporaneous objections waives direct appellate review of other sentencing issues. United States v. Lewis, 991 F.2d 322, 324 (6th Cir.1993). There are no other issues of substance presented by this appeal.
 
 
 8
 Accordingly, the motion to withdraw representation is granted and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James L. Oakes, Circuit Judge, United States Court of Appeals for the Second Circuit, sitting by designation