68 F.3d 476
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Travis SUMMERS, Defendant-Appellant.
 No. 95-5303.
 United States Court of Appeals, Sixth Circuit.
 Oct. 23, 1995.
 
 Before: BROWN, BOGGS and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 This is a direct appeal from a judgment and commitment order in a criminal case in which counsel for the defendant-appellant moves to withdraw representation. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 2
 In 1994, Travis Summers was charged in a four-count indictment (along with other individuals) for his part in two different armed robberies of the same financial institution in Memphis, Tennessee. Summers eventually entered into a plea agreement whereby he entered a plea to three of the counts in exchange for the government's promise to drop one of the charges. The district court accepted the plea and sentenced Summers to an aggregate term of 133 months. This appeal followed.
 
 
 3
 Counsel for Summers filed a motion to withdraw as well as a "no merit" brief pursuant to Rule 12, Rules of the Sixth Circuit and Anders v. California, 386 U.S. 738 (1967). Summers was served with this motion and a copy of the brief on March 23, 1995, and was invited to respond. See Freels v. Hills, 843 F.2d 958, 961 & n.3 (6th Cir.), cert. denied, 488 U.S. 997 (1988). Summers has chosen not to respond.
 
 
 4
 Summers pleaded guilty to taking an active role in two different armed robberies of the same bank, the First American Bank of Memphis, Tennessee, in the last quarter of 1993. The government's factual proffer was that Summers was one of three armed men who committed the initial robbery of the First American Bank in October 1993 and made off with $10,464, and was one of two armed men who netted $5,010 in the second robbery of the bank a month later.
 
 
 5
 Summers pleaded guilty to Counts One and Three of the indictment, aiding and abetting bank robbery, in violation of 18 U.S.C. Secs. 2 and 2113(a) & (d), and Count Two, using a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. Sec. 924(c). The language of Counts One, Two and Three of the indictment tracks that of the statutes and Memphis, Tennessee lies within the Western District of Tennessee. 28 U.S.C. Sec. 123(c) (Shelby County). Jurisdiction is not an issue in this case and Summers's guilty plea acted as a waiver of any non-jurisdictional defects in the pre-plea proceedings. Tollett v. Henderson, 411 U.S. 258, 267 (1973).
 
 
 6
 The transcript of the plea colloquy reflects the district court's adherence to the dictates of Fed. R. Crim. P. 11(c). The court delineated the nature of the charges, the maximum exposure Summers faced and the mandatory 60 month minimum carried by Count Two. Summers was represented by an attorney and the court advised Summers of the rights he was forfeiting by virtue of his plea. There is no patent defect in the plea colloquy and counsel for Summers does not contend otherwise.
 
 
 7
 Summers was sentenced under the guidelines. The record shows that Summers and his trial counsel were provided with a copy of the presentence report and that the court sentenced Summers to the lower end of the guideline range (73 months/70-87 month range) for Counts One and Three that was already lowered in response to an objection registered by Summers's counsel. The district court's imposition of a 60 month penalty for the violation of 18 U.S.C. Sec. 924(c) consecutive to the 73 month sentence for the other counts was mandated by statute. There does not appear to be any defect in Summers's sentence and the lack of other contemporaneous objections waives direct appellate review of other sentencing issues. United States v. Lewis, 991 F.2d 322, 324 (6th Cir. 1993). There is no error apparent in the sentencing of Summers and the proceedings comported with the plea agreement. This appeal lacks merit.
 
 
 8
 Accordingly, the motion to withdraw representation is granted and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.