98 F.3d 1343
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Benji MACAULAY, Defendant-Appellant.
 No. 96-5032.
 United States Court of Appeals, Sixth Circuit.
 Oct. 7, 1996.
 
 1
 Before: KENNEDY, DAUGHTREY, and WEIS,* Circuit Judges.
 
 ORDER
 
 2
 This is a direct appeal from a criminal conviction in which the only issues raised concern the application of the sentencing guidelines. The parties have waived oral argument and, upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1995, Benji Macaulay was indicted for a number of federal crimes stemming from his possession and use of fifteen (15) unauthorized credit cards. Macaulay thereafter entered a guilty plea to one count of possession of unauthorized credit cards, in violation of 18 U.S.C. § 1029(a)(3). The district court ultimately accepted the plea and sentenced Macaulay to a 16 month term of imprisonment to be followed by 3 years of supervised release. This appeal followed and the parties have briefed the issues.
 
 
 4
 Macaulay and an accomplice were apprehended after bank employees alerted authorities to their presence. Macaulay attempted to flee and supplied police with an alias and supporting false identification in the name of "Dwayne Curtis Kell" when caught. Macaulay offered another alias ("Michael Kennedy") when booked and during his initial appearance before a federal magistrate judge. Macaulay used this same alias when he requested the appointment of counsel and when he executed a financial affidavit under penalty of perjury. Macaulay entered a guilty plea but then provided the probation department with such scant details of his background that it was virtually impossible to verify much of the usual data in his presentence report.
 
 
 5
 The case proceeded to sentencing. Counsel for Macaulay initially objected to the proposed two point enhancement to the base offense level for obstruction of justice, pursuant to USSG § 3C1.1. This enhancement was originally recommended in response to Macaulay's having used an alias when he was arrested and later when he appeared before United States Magistrate Judge Haynes. The court expressed additional concern that Macaulay was motivated to provide inadequate and sketchy background information in order to cover up his true citizenship or other criminal activity. The court then heard from Macaulay and proceeded to impose the § 3C1.1 enhancement. The court also expressly rejected the proposed two level base offense reduction for acceptance of responsibility under USSG § 3E1.1 but counsel for Macaulay did not object to this decision.
 
 
 6
 Counsel for Macaulay brings two assignments of error on appeal. First, counsel contends that the enhancement for obstruction of justice was not warranted on the facts. Specifically, this argument is directed to the lack of effect the use of the aliases had on the actual investigation. Second, counsel claims that the record shows Macaulay clearly accepted responsibility for his criminal acts.
 
 
 7
 The first assignment of error lacks merit. This court reviews an application of § 3C1.1 under the clearly erroneous standard. United States v. Head, 927 F.2d 1361, 1372 (6th Cir.), cert. denied, 502 U.S. 846 (1991). The district court imposed this enhancement because of Macaulay's use of an alias upon arrest and before a United States Magistrate Judge upon his initial appearance and in setting bond. Counsel for Macaulay emphasizes that his use of these aliases was not "material" but the district court was clearly convinced they were only a part of Macaulay's attempt to obscure his background and hinder the law enforcement community in general. On the record, this cannot be said to be clear error.
 
 
 8
 The second assigned error is likewise meritless. It is initially noted that Macaulay's counsel did not register an objection to the district court's decision not to award a deduction for acceptance of responsibility. Failure to object to an adverse guideline sentencing decision waives appellate review of that decision. United States v. Lewis, 991 F.2d 322, 324 (6th Cir.1993). In addition, the guidelines recognize that, in most instances, a defendant who has had his base offense level enhanced pursuant to § 3C1.1 will not qualify for a § 3E1.1 deduction for acceptance of responsibility. USSG § 3E1.1, comment. (n. 4). This appeal lacks merit.
 
 
 9
 Accordingly, the district court's judgment is affirmed.
 
 
 
 *
 The Honorable Joseph F. Weis, Jr., Circuit Judge, United States Court of Appeals for the Third Circuit, sitting by designation