**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Tironda Dineen VINING Defendant–
Appellant.**

**No. 01–3068.**

United States Court of Appeals,
Sixth Circuit.

May 1, 2001.

Before NELSON and BATCHELDER, Circuit Judges; FEIKENS, District Judge.*

* The Honorable John Feikens, United States District Judge for the Eastern District of

*ORDER*

Tironda Dineen Vining appeals her judgment of conviction and sentence. The case has been referred to this panel pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. We unanimously agree that oral argument is not needed. Fed. R.App. P. 34(a).

Vining pleaded guilty to a one-count indictment that ·charged her with harboring and concealing a person from arrest, a violation of 18 U.S.C. § 1071. The district court sentenced her to six months of imprisonment to be followed by two years of supervised release.

In this timely appeal, Vining's appointed counsel has filed a motion to withdraw and a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Vining was served with the brief and the motion. Rule 101(f), Sixth Circuit Supplemental Procedural Rules. She has filed no response.

The motion to withdraw will be granted as it reflects that counsel has reviewed the entire record and proceedings and has submitted the following issue for review: whether Vining's conviction was entered in conformity with the apposite constitutional provisions, statutes, and Sentencing Guidelines. Counsel asserts this issue, but recognizes that the appeal lacks merit.

The record reflects that the district court properly accepted Vining's guilty plea. A plea of guilty is valid if entered knowingly, voluntarily, and intelligently under the totality of the circumstances. *North Carolina v. Alford,* 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970); *Brady v. United States,* 397 U.S. 742, 749, 90

Michigan, sitting by designation.

S.Ct. 1463, 25 L.Ed.2d 747 (1970). The court explained to Vining the rights she was waiving, the five-year statutory maximum sentence involved, and the application of the Sentencing Guidelines. Féd. R.Crim.P. 11(c)(1), (c)(3). Vining acknowledged her guilt of the crime charged. Accordingly, the record reflects that Vining entered a constitutionally valid plea.

▮ The district court also properly sentenced Vining. The guidelines did not provide an offense level for the underlying crime of the individual whom Vining concealed; therefore, pursuant to USSG § 2X5.1, the provisions of 18 U.S.C. § 3553(b) provided the general framework for sentencing Vining within the zero-to-sixty-month statutory range of § 1071. The parties did not object to the application of this framework at sentencing. Thus, the parties waived appellate review of any adverse guideline sentencing decision. *United States v. Lewis*, 991 F.2d 322, 324 (6th Cir.1993).

Lastly, we have reviewed the record and conclude that no other nonfrivolous issue exists.

Accordingly, we grant counsel's motion to withdraw and affirm the district court's judgment of conviction and sentence. Rule 34(j)(2)(C), Rules of the Sixth Circuit.