UNITED STATES of America,
Plaintiff–Appellee,

v.

Alfie NIGHT, aka Daniel Alfredo
Rodriquez, Defendant–
Appellant.

UNITED STATES of America,
Plaintiff–Appellee,

v.

Alfie NIGHT, aka Daniel Alfredo
Rodriquez, Defendant–
Appellant.

Nos. 93–10555, 93–10556.

United States Court of Appeals,
Ninth Circuit.

Submitted May 24, 1994 *.

Decided June 2, 1994.

Charles Gretsch, San Francisco, CA, for defendant-appellant.

Jeffrey L. Russell, Asst. U.S. Atty., San Francisco, CA, for plaintiff-appellee.

Before: HUG, D.W. NELSON, and FERNANDEZ, Circuit Judges.

PER CURIAM:

In these consolidated appeals, Alfie Night appeals the 135–month sentence imposed following entry of a guilty plea to six counts of bank robbery in violation of 18 U.S.C. § 2113(a) and the 24–month sentence imposed for violating the terms of his supervised release. Night contends that the sentencing court is barred from increasing his offense level pursuant to U.S.S.G. § 2J1.7 because, at the time he was released on bond, the magistrate judge did not advise him orally that enhanced penalties applied to offenses committed while on release. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

■ We review de novo the interpretation of a statute or the Sentencing Guidelines. *United States v. Blaize*, 959 F.2d 850, 851 (9th Cir.), *cert. denied,* — U.S. ——, 112 S.Ct. 2954, 119 L.Ed.2d 576 (1992).

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34–4.

## I

### Factual Background

In 1989, Judge Patel sentenced Night to 46 months' imprisonment and 3 years' supervised release for robbing a bank. After serving his custodial sentence and while on supervised release, Night robbed five banks during the final months of 1992. Apparently, Night had not yet been connected to the robberies, because in December 1992, the probation officer alleged that Night had violated the conditions of his supervised release by failing to report changes in his address and employment.

On December 30, 1992, Magistrate Judge Brennan arraigned Night on those violations. Magistrate Judge Brennan released Night on a $10,000 personal recognizance bond pending the revocation hearing. She orally advised Night not to violate the law, but did not advise him orally that enhanced penalties would apply. During the hearing, however, Night signed an "order setting conditions of release and appearance bond." Below a heading entitled "CONSEQUENCES OF DEFENDANT'S FAILURE TO OBEY CONDITIONS OF RELEASE," that order stated that "Defendant shall be subject to consecutive sentences and fines for failure to appear and/or for committing an offense while on release. See 18 U.S.C. [§§] 3146 and 3147, on reverse side." The reverse side of the order reprinted an out-of-date version of section 3147, which stated that "[a] person convicted of an offense committed while released ... shall be sentenced in addition to the sentence prescribed for the offense to ... a term of imprisonment of not less than two years and not more than ten years.... A term of imprisonment imposed pursuant to this section shall be consecutive to any other sentence of imprisonment."[1]

During the next few weeks, Night robbed four more banks. He was indicted on nine bank robberies. Night pleaded guilty to six robberies—three of which had occurred while he was released on bond pending the supervised release revocation hearing.

At sentencing, the district court increased Night's offense level pursuant to U.S.S.G. § 2J1.7 for offenses committed while on release. The district court ruled that the adjustment was proper because Night was "advised of this consequence in writing" and the statute did not require an oral warning. In addition, the court revoked Night's supervised release because he had committed a robbery while he was on supervised release, and imposed a concurrent custodial term.

## II

### Notice Requirement

When a defendant is released on bond, the release order must include a written statement of the conditions of release and the penalties for violating a condition of release, including the penalties for committing an offense while on pretrial release. 18 U.S.C. § 3142(h). If the defendant in fact commits an offense while released on bond, he "shall be sentenced, in addition to the sentence prescribed for the offense to ... a term of imprisonment of not more than ten years." 18 U.S.C. § 3147.

In addition, the Guidelines provide that if section 3147 applies, the court shall increase the offense level by three. U.S.S.G. § 2J1.7. The Guidelines warn, however, that the enhancement "may be imposed only after sufficient notice to the defendant by the government or the court." U.S.S.G. § 2J1.7, comment. (backg'd.).

■ Night argues that the statute requires the magistrate judge to advise orally the defendant of the enhancement. Here, the magistrate judge did not give an oral warning. Consequently, according to Night, the three-level adjustment, which is conditioned upon adequate notice, cannot apply.[2]

---

1. Congress amended the term of imprisonment specified in section 3147 to "a term of imprisonment of not more than ten years" when it enacted the sentencing guidelines. See 18 U.S.C. § 3147 (effective Nov. 1, 1987). Congress did not alter the consecutive nature of the enhancement.

2. We assume for purposes of this appeal that the magistrate judge's failure to give the defendant notice, in any form, of the enhanced penalty bars the sentencing judge from imposing it. Although we have not addressed the issue, the circuits are split. See United States v. Lewis, 991 F.2d 322,

We disagree. The statute instructs the magistrate judge "in a release order" to (1) include a written statement of the conditions of release and (2) advise the defendant of the penalties for committing an offense while on pretrial release. 18 U.S.C. § 3142(h). Night argues that the use of the verb "advise" indicates that the information must be given orally. The language of the statute refutes such an interpretation because the section is entitled "Contents of release order," thereby referring to the written release order. *Id.* Moreover, we agree with the Eighth Circuit that "[i]t is the fact and timing of notice, not its form, that matters." *See United States v. Feldhacker,* 849 F.2d 293, 299 (8th Cir.1988) (rejecting defendant's argument that notification of section 3147's sentence enhancement must be written, not oral). We conclude, therefore, that Night received adequate notice because the release order, which Night signed, notified him that if he committed a crime while on bond he would face additional penalties.

■ Finally, the fact that the release order recited an out-of-date version of the statute did not prejudice Night because the order notified Night that committing an offense while on release carried enhanced penalties, even if it misrepresented the magnitude of the penalty. *Cf. United States v. Arzate–Nunez,* 18 F.3d 730, 737 (9th Cir. Feb. 28, 1994) (the government's written notice informing deportee that criminal penalties applied if he reentered the country did not violate due process by misrepresenting the magnitude of those penalties).

The district court did not err when it applied the § 2J1.7 adjustment.

**AFFIRMED.**

---

323 (6th Cir.1993) (collecting cases and discussing split in authority).

The enhancement term under 18 U.S.C. § 3147 must run consecutively to any other sentence of imprisonment. *United States v. Galliano,* 977 F.2d 1350, 1351 (9th Cir.1992), *cert.*

*denied,* —— U.S. ——, 113 S.Ct. 1399, 122 L.Ed.2d 772 (1993). Here, the district court imposed concurrent terms. Because the government did not cross appeal, however, we do not consider the issue.