56 F.3d 65
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES Of America, Plaintiff-Appellee,
v.
George BASS, Defendant-Appellant.
 No. 94-6152.
 United States Court of Appeals, Sixth Circuit.
 May 24, 1995.
 
 Before: RYAN and DAUGHTREY, Circuit Judges, and HILLMAN, District Judge.*
 PER CURIAM.
 
 
 1
 The defendant, George Bass, pleaded guilty to possession of Dilaudid with intent to distribute and was sentenced to 30 months in prison, three years on supervised release, and a $50 special assessment. The district court increased Bass's prison sentence three levels, pursuant to the provisions of 18 U.S.C. Sec. 3147 and USSG Sec. 2J1.7, for committing an offense while on bond on an earlier drug charge. Bass now contends that such enhancement was improper because "sufficient notice" of the possibility of a sentence increase for a subsequent transgression was not communicated to him in a timely manner, i.e., at the time of his release on bond.
 
 
 2
 Neither party disputes the applicability of Sec. 3147 to this case. Bass insists, however, relying upon the Fourth Circuit's decision in United States v. Cooper, 827 F.2d 991 (4th Cir. 1987), that background commentary to Sec. 2J1.7 of the sentencing guidelines (providing that "[a]n enhancement under 18 U.S.C. Sec. 3147 may be imposed only after sufficient notice to the defendant by the government or the court") must be interpreted to require that the notice be supplied at the time of the defendant's release on bond in the prior case. The government insists that the notice provided in the presentence report, which was submitted more than nine months before the defendant's sentencing hearing, was "sufficient notice" under the circumstances.
 
 
 3
 In United States v. Lewis, 991 F.2d 322 (6th Cir. 1993), we expressly rejected the reasoning utilized in Cooper and stated that "Sec. 3147 clearly and unambiguously mandates that the courts impose additional consecutive sentences on persons convicted of crimes they commit while released on bond," id. at 324, regardless of the existence or timing of notice to the defendant of the statute's applicability. Our decision in Lewis constitutes the "law of the circuit" and, therefore, must be followed until reversed by an intervening Supreme Court decision or by an en banc ruling by this court. Consequently, we AFFIRM the judgment of the district court in this matter.
 
 
 
 *
 The Hon. Douglas W. Hillman, United States District Judge for the Western District of Michigan, sitting by designation