**UNITED STATES of America,
Plaintiff,**

v.

**William C. OLIVER, Jr., Defendant.**

**Nos. CR–3–96–98(12), CR–3–97–45(1).**

United States District Court,
S.D. Ohio,
Western Division.

Aug. 6, 1999.

William Hunt, Assist. U.S. Atty., Cincinnati, OH, for U.S.

John Hayes Rion, Jon Paul Rion, John H. Rion & Associates, Dayton, OH, for William C. Oliver, Jr.

DECISION AND ENTRY OVERRULING DEFENDANT'S SUPPLEMENTAL MOTION FOR RECONSIDERATION OF SENTENCE (DOC. # 427 IN CASE NO. CR–3–96–98(12); DOC. # 21 IN CASE NO. CR–3–97–45); DECISION AND ENTRY SUSTAINING DEFENDANT'S MOTION FOR RECONSIDERATION OF SENTENCE (DOC. # 346 IN CASE NO. CR–3–96–98(12); DOC. # 20 IN CASE NO. CR–3–97–45); RESENTENCING HEARING SET

RICE, Chief Judge.

This matter comes before the Court upon several unopposed Motions for Reconsideration filed by Defendant William C. Oliver, Jr. The Motions challenge Oliver's sentences in two separate criminal cases. In Case No. CR–3–96–98(12), he was convicted, following a guilty plea, of possession with intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii). In Case No. CR–3–97–45, he was convicted, following a guilty plea, of possession with intent to distribute fifty kilograms or less of marijuana, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(D).

During an April 29, 1998, sentencing hearing for the two convictions, the Court imposed a sentence of seventy-eight months on the cocaine charge in case No. CR–3–96–98. On the marijuana charge, No. CR–3–97–45, the Court imposed the statutory maximum sentence of sixty months. The Court determined that these sentences would run concurrently. In addition, the Court observed the applicability of a statutory sentence enhancement that applies to crimes committed while a defendant is on pretrial release.

The enhancement statute provides:

A person convicted of an offense committed while released under this chapter shall be sentenced, in addition to the sentence prescribed for the offense to—

(1) a term of imprisonment of not more than ten years if the offense is a felony; or

(2) a term of imprisonment of not more than one year if the offense is a misdemeanor.

A term of imprisonment imposed under this section shall be consecutive to any other sentence of imprisonment.

18 U.S.C. § 3147.

A federal sentencing guideline has been promulgated to effectuate the mandate of § 3147. In particular, U.S.S.G. § 2J1.7 accounts for the required term of imprisonment by imposing a three-level enhancement as follows: "If an enhancement under 18 U.S.C. § 3147 applies, [the Court should] add three levels to the offense level for the offense committed while on release as if this section were a specific offense characteristic contained in the offense guideline for the offense committed while on release." U.S.S.G. § 2J1.7.[1] Pertinent sentencing guideline commentary further explains the proper application of the three-level enhancement:

Under 18 U.S.C. § 3147, a sentence of imprisonment must be imposed in addition to the sentence for the underlying offense, and the sentence of imprisonment imposed under 18 U.S.C. § 3147 must run consecutively to any other sentence of imprisonment. Therefore, the court, in order to comply with the statute, should divide the sentence on the judgment form between the sentence attributable to the underlying offense and

---

1. "... § 2J1.7 and its commentary constitute an effort to integrate § 3147 into the guidelines by increasing the range of a sentence for a person who committed an offense while on release, and then by requiring that the added sentence be attributed to that fact and imposed consecutively. As stated in the pertinent guidelines commentary: 'This guideline is drafted to enable the court to determine and implement a combined 'total punishment' consistent with the overall structure of the guidelines, while at the same time complying with the statutory requirement.'" *United States v. Stevens*, 66 F.3d 431, 435 (2nd Cir. 1995), quoting U.S.S.G. § 2J1.7, comment. Thus, the three-level enhancement mandated by § 2J1.7 "satisfies the enhancement requirement of 18 U.S.C. § 3147...." *United States v. Lincoln*, 956 F.2d 1465, 1473 (8th Cir.1992).

the sentence attributable to the enhancement. The court will have to ensure that the "total punishment" (i.e., the sentence for the offense committed while on release plus the sentence enhancement under 18 U.S.C. § 3147) is in accord with the guideline range for the offense committed while on release, as adjusted by the enhancement in this section. For example, if the applicable adjusted guideline range is 30–37 months and the court determines "total punishment" of 36 months is appropriate, a sentence of 30 months for the underlying offense plus 6 months under 18 U.S.C. § 3147 would satisfy this requirement.

U.S.S.G. § 2J1.7, comment. (n. 2).

In his Motions for Reconsideration of Sentence (Doc. # 20 in CR–97–45; Doc. # 346 in CR–96–98(12)), Oliver contends that the Court erred by applying the § 3147 three-level enhancement to the offense level for his cocaine offense *and* to the offense level for his marijuana offense. According to Oliver, the § 3147 enhancement should have been applied *solely* to the marijuana charge. (*Id.* at 2–3). Furthermore, Oliver asserts that the Court erred in its computation of the § 3147 enhancement. Specifically, he contends that the three-level enhancement should have elevated his marijuana charge base offense level from twenty-four to twenty-seven, that he should have received a three-point reduction for acceptance of responsibility (resulting in a marijuana offense level of twenty-four), and that he then should have received a twenty-five percent "substantial assistance" reduction pursuant to U.S.S.G. § 5k1.1, resulting in a final marijuana offense level of eighteen. The Defendant notes that the sentencing guideline range for a level-eighteen offense with a level-two criminal history category (Oliver's category) is thirty to thirty-seven months. Accordingly, Oliver argues that the Court erred in imposing a sixty-month sentence for his underlying marijuana conviction and an additional twenty-four months (consecutive) for the § 3147 enhancement. He insists that the proper

total punishment for the marijuana conviction and the enhancement may not exceed thirty to thirty-seven months.

■ Additionally, in his Supplemental Motions for Reconsideration of Sentence (Doc. # 21 in CR–97–45; Doc. # 427 in CR–96–98(12)), Oliver asserts that the Court may not properly impose *any* enhancement under 18 U.S.C. § 3147. In support, the Defendant contends that he did not receive "sufficient notice" of the enhancement's applicability prior to the entry of his guilty plea. According to Oliver, this lack of notice violates U.S.S.G. § 2J1.7 and precludes the Court from imposing the enhancement.

Turning first to Oliver's Supplemental Motions for Reconsideration, the Court finds his argument unpersuasive. The "Background" section of the commentary following U.S.S.G. § 2J1.7 provides: "An enhancement under 18 U.S.C. § 3147 may be imposed only after sufficient notice to the defendant by the government or the court...." Nevertheless, in *United States v. Lewis*, 991 F.2d 322 (6th Cir.1993), the court rejected an argument identical to the one Oliver now advances. In *Lewis*, the Sixth Circuit refused to read a notice requirement into 18 U.S.C. § 3147, stating: "Section 3147 clearly and unambiguously mandates that the courts impose additional consecutive sentences on persons convicted of crimes they commit while released on bond. 'It is a self-executing and mandatory provision of law, addressed by Congress to sentencing courts.'" *Id.* at 324, quoting *United States v. Feldhacker*, 849 F.2d 293, 299 (8th Cir.1988). Thereafter, in *United States v. Bass*, 56 F.3d 65, 1995 WL 316796 (6th Cir. May 24, 1995), the court again rejected a defendant's argument that a § 3147 enhancement was improper, given his lack of notice about the possibility of such an enhancement. Relying upon *Lewis*, the Sixth Circuit reasoned that § 3147 requires the imposition of a sentence enhancement, "regardless of the existence or timing of notice to the defendant of the statute's applicability." *Id.*

In light of *Lewis* and *Bass*, the Court finds Oliver's argument unpersuasive. In any event, the Court notes that Oliver *did* receive notice about the possible sentence enhancement when he was released on bond after his arrest for the cocaine charge. *See* Doc. # 40 in CR–3–96–98(12), Order Setting Conditions of Release ("The commission of any offense while on pretrial release may result in an additional sentence as provided in Title 18, U.S.C. § 3147. . . ."). Even in those Circuits that require notice to a defendant prior to the imposition of a § 3147 enhancement, such notice in a written release order has been deemed adequate. *See, e.g., United States v. Night*, 29 F.3d 479, 480–481 (9th Cir. 1994). Accordingly, Oliver's Supplemental Motions for Reconsideration of Sentence (Doc. # 21 in CR–3–97–45; Doc. # 427 in CR–3–96–98(12)) are OVERRULED.[2]

With respect to Oliver's other Motions for Reconsideration of Sentence (Doc. # 20 in CR–3–97–45; Doc. # 346 in CR–3–96–98(12)), the Court SUSTAINS the Motions, but for reasons somewhat different than those advanced by Oliver. Contrary to the Defendant's assertion, the Court did not err in its application of the three-level offense enhancement mandated by 18 U.S.C. § 3147 and U.S.S.G. § 2J1.7.

█ When sentencing Oliver on his cocaine and marijuana convictions, the Court "grouped" the two offenses together, in accordance with U.S.S.G. § 3D1.2(d), which provides:

> All counts involving substantially the same harm shall be grouped together into a single Group. Counts involve substantially the same harm within the meaning of this rule:
>
> . . . . .
>
> (d) When the offense level is determined largely on the basis of the total amount of harm or loss, the quantity of a substance involved, or some other measure of aggregate harm. . . .

The Court then looked to U.S.S.G. § 3D1.3(b), which explains that the offense level applicable to Oliver's "grouped" offenses is the offense level that corresponds with the "aggregated quantity" of drugs and money associated with his two convictions. In other words, to determine a single "base offense level" for Oliver's two drug violations, the Court was required to consult the Drug Quantity Table contained in the sentencing guidelines and to locate the appropriate level based upon the total quantity of marijuana, cocaine, and cash associated with his two convictions. In so doing, the Court converted Oliver's cocaine, and certain cash attributed to his drug offenses, into a marijuana equivalent. In the aggregate, the Court found Oliver responsible for a drug weight equal to 22,007.83 kilograms of marijuana. Pursuant to U.S.S.G. § 2D1.1(c)(2), Oliver's base offense level was thirty-six, because his "grouped" offense involved at least 10,000 kilograms of marijuana, but less than 30,-000 kilograms of that controlled substance.

The Court then made various adjustments to this base offense level. *First*, the Court added a three-level enhancement, pursuant to 18 U.S.C. § 3147, for an offense committed while on pretrial release (resulting in an offense level of thirty-nine). *Second*, the Court granted Oliver a two-level reduction for acceptance of responsibility (resulting in an offense level of thirty-seven). *Third*, the Court granted Oliver a one-level reduction for timely notification of intent to plead guilty and timely disclosure of involvement in the offense (resulting in an offense level of thirty-six). *Fourth*, the Court granted Oliver a twenty-five percent reduction for substantial assistance to the government (resulting in an offense level of twenty-seven). Given Oliver's category-two criminal history and his offense level of twenty-seven, the Court noted that the appropriate sentencing

---

**2.** In addition, as set forth below, given that resentencing will have to take place and that the Defendant is notified herein, both of the applicability of the enhancement and of the

Court's intention to apply same, the notice requirement, by any definition or procedure, will have been satisfied.

guideline range was seventy-eight to ninety-seven months.

As earlier indicated, in his Motions for Reconsideration, Oliver argues that the Court misapplied the three-level enhancement for his commission of an offense while on release. Specifically, Oliver argues that the Court should have computed his base offense level for *only* the marijuana conviction, without regard to the cocaine conviction or the cash associated with that conviction. In other words, Oliver contends that the Court should have "ungrouped" his two offenses prior to factoring in the three-level enhancement required by 18 U.S.C. § 3147. According to the Defendant, the drugs and currency associated with his marijuana conviction, standing alone, would have resulted in a base offense level of twenty-four. Oliver contends the Court then should have added the three-level § 3147 enhancement, resulting in a base offense level of twenty-seven. Finally, the Defendant asserts that the Court should have applied the aforementioned reductions for acceptance of responsibility, timely notice of intent to plead guilty, and substantial assistance, resulting in a net offense level of eighteen for the marijuana conviction. Oliver notes that an offense level of eighteen, combined with a criminal history of category two, results in a sentencing range of thirty to thirty-seven months. Consequently, he argues that the Court should have imposed a combined sentence, for the marijuana conviction and the § 3147 enhancement, of no more than thirty-seven months.

In support of this "ungrouping" argument, Oliver relies upon U.S.S.G. § 2J1.7, which instructs the Court to "add 3 levels to the offense level for the offense committed while on release as if this section were a specific offense characteristic contained in the offense guideline for the offense committed while on release." In light of this sentencing guideline, the Defendant argues that the Court erred when it added

the § 3147 enhancement to the base offense level of thirty-six, which represents the offense level for the combined (i.e., "grouped") marijuana *and* cocaine offenses.

After reviewing applicable law, however, the Court cannot agree that it erred by applying the § 3147 enhancement to the offense level applicable to Oliver's grouped drug offenses. As noted, *supra*, to determine the base offense level for Oliver's two drug convictions, the Court first "grouped" the offenses pursuant to U.S.S.G. § 3D1.2(d).[3] The Court then consulted the Drug Quantity Table (U.S.S.G. § 2D1.1(c)) and located the offense level corresponding with the aggregated quantity of cocaine, marijuana, and money associated with the convictions.

■ Notably, when a District Court "groups" drug offenses pursuant to U.S.S.G. § 3D1.2(d), it must, as part of that process, "[d]etermine whether the *specific offense characteristics* [*e.g.,* the enhancement under 18 U.S.C. § 3147] ... apply based upon the *combined* offense behavior *taken as a whole.*" In other words, when the Court grouped Oliver's two drug offenses, was it required, under the sentencing guidelines, to apply *any* applicable "offense characteristic" enhancements to the offense level corresponding to the aggregated drug quantity? Given the applicability of the sentencing guidelines' "grouping" provision, the Court concludes that it was not required to consider the § 3147 enhancement only in connection with the marijuana offense. Consequently, contrary to Oliver's argument, the Court need not "ungroup" the marijuana offense for purposes of imposing the three-level enhancement mandated by § 3147.

In *United States v. Cueto,* 9 F.3d 1438 (9th Cir.1993), the court rejected an argument similar to the one advanced by Oli-

---

**3.** Although the sentencing guidelines contain provisions that prohibit the "grouping" of counts of conviction requiring consecutive sentences, those provisions do not apply to

U.S.S.G. § 2J1.7 because 18 U.S.C. § 3147 "is an enhancement, not a count of conviction." *See* U.S.S.G. § 2J1.7, Background.

ver. The defendant in *Cueto* plead guilty to three drug offenses. As in the present case, the District Court "grouped" the offenses and calculated an offense level based upon the aggregated quantity of drugs involved in the three convictions. After establishing a base offense level of thirty-two, the District Court added a two-level enhancement because the defendant had possessed a firearm while committing *one* of the grouped drug offenses. On appeal, the defendant argued that the District Court had erred in applying a two-level weapon enhancement to the base offense level of thirty-two, which corresponded with the aggregated drug quantity from the three counts. The defendant reasoned that the two-level enhancement could apply *only* to the count that had involved the use of a weapon. The Ninth Circuit disagreed, stating:

> To determine the base offense level for multiple drug violations, "the offense level applicable to a Group is the offense level corresponding to the aggregated quantity, determined in accordance with Chapter Two [i.e., the Drug Quantity Table]." U.S.S.G. § 3D1.3(b) (Nov. 1991). The commentary states: "Determine whether the *specific offense characteristics [e.g.,* the weapons enhancement of U.S.S.G. § 2D1.1(b) ] ... apply based upon the combined offense behavior taken *as a whole.*" U.S.S.G. § 3D1.3, comment (n. 3) (emphasis added); *see also* U.S.S.G.Ch. 3, Pt. D., intro. comment. Thus, the commentary directly refutes Cueto's claim, and the district court did not err in applying the two-level weapon enhancement to the offense level corresponding to the aggregated drug quantity.

*Id.* at 1441; *see also United States v. Mizrachi,* 48 F.3d 651, 656 (2nd Cir.1995) ("Having obtained the benefit of considering the bank and insurance frauds as continuous for the purpose of grouping, appellant cannot demand that they be considered separately for the purpose of making adjustments. They are components of one offense behavior. The Commission has explicitly instructed that when counts are grouped pursuant to section 3D1.2(d), specific offense characteristics and adjustments from Chapter Three, Parts A, B, and C apply 'based upon the combined offense behavior taken as a whole.' "); U.S.S.G.Ch. 3, Pt. D, Introductory Commentary ("If the offense guidelines ... base the offense level primarily on the amount of money or quantity of substance involved ... add the numerical quantities and apply the pertinent offense guideline, *including any specific offense characteristics for the conduct taken as a whole.*").

In the present case, U.S.S.G. § 2J1.7 states that the three-level enhancement under 18 U.S.C. § 3147 should be treated as if it were a "specific offense characteristic" of the offense committed while on release. As noted, *supra,* when drug offenses are "grouped" for purposes of determining a base offense level, such "specific offense characteristics" are properly applied to the combined offense behavior taken as a whole. Consequently, for the reasons set forth more fully above, the Court concludes that it properly applied the three-level § 3147 enhancement to the base offense level (thirty-six) corresponding to Oliver's aggregated quantity of marijuana and the marijuana-equivalents of cocaine and cash. As a result, the court correctly determined that the "grouped" offense level was thirty-nine, prior to the reductions for substantial assistance, acceptance of responsibility, and timely notice of intent to plead guilty. Those reductions lowered Oliver's offense level to twenty-seven.

Given Oliver's category two criminal history, the guideline sentencing range for an offense level of twenty-seven is seventy-eight to ninety-seven months. At Oliver's April 29, 1998, sentencing hearing, the Court imposed a sentence of seventy-eight months for his cocaine conviction, along with a $100 statutory assessment and a $2,500 fine. Pursuant to U.S.S.G. § 5G1.2(c), "if the sentence on the count carrying the highest statutory maximum

[i.e., the cocaine count] is adequate to achieve the total punishment, then the sentences on all counts shall run concurrently, except to the extent otherwise required by law." The Court determined that Oliver's seventy-eight month sentence for his cocaine conviction was adequate to achieve the "total punishment."[4] Accordingly, the Court recognized that Oliver's marijuana conviction sentence must run concurrently, except as "otherwise required by law" (here 18 U.S.C. § 3147). Furthermore, the commentary following U.S.S.G. § 5G1.2 provides that Oliver's marijuana sentence should be set at the applicable statutory maximum and, to the extent possible, should be ordered served concurrently with his cocaine sentence. Because the statutory maximum for Oliver's marijuana sentence is sixty months, the Court imposed a sixty-month sentence, to be served concurrently with his cocaine sentence. In addition, the Court imposed a *consecutive* twenty-four month sentence, under 18 U.S.C. § 3147, because Oliver had committed the marijuana offense while on pretrial release.

■ Upon review, the Court concludes that its prior computation of Oliver's sentences was in error. Applying the three-level enhancement to increase Oliver's grouped offense level *and* using the same enhancement to impose an additional, consecutive twenty-four month sentence, as the Court previously did, would constitute double-counting of the § 3147 enhancement. The Court first factored the § 3147 enhancement into the computation when it arrived at a "grouped" sentencing range of seventy-eight to ninety-seven months. Consequently, in order to avoid double-counting the § 3147 enhancement, the Court may not exceed this range when computing Oliver's total punishment. Oli-

ver's *total sentence* for the cocaine conviction, the marijuana conviction, *and* the three-level enhancement should be seventy-eight to ninety-seven months. As set forth above, this range represents Oliver's base offense level for the grouped drug offenses, *plus* three levels for the § 3147 enhancement, minus reductions for substantial assistance, acceptance of responsibility, and timely notice of intent to plead guilty.

At the April 29, 1998, sentencing hearing, the Court elected to impose a sentence of seventy-eight months for the drug convictions, plus a consecutive twenty-four-month sentence for the statutory enhancement (as well as a $100 statutory assessment and a $2,500 fine). The end result was a sentence of 102 months in prison. For the reasons set forth above, however, the Court cannot impose a total sentence of 102 months. Rather, the maximum total punishment that Oliver may receive, for the drug offenses and the enhancement, is ninety-seven months.

■ Consequently, the Court now must recalculate Oliver's sentence. In so doing, the Court hereby gives notice to Oliver, subject to the exercise of his right of allocution (which can cause the Court to modify or change its present intention), that it intends to impose a total sentence of ninety-six months, a sentence which, in this Court's opinion, accurately and adequately recognizes both that the amount of marijuana and marijuana equivalents (22,000-plus kilograms) is a little over the midpoint in the quantity necessary to achieve the applicable base offense level for the grouped offenses *and* the fact that a reasonable enhancement for committing the marijuana offense while on pretrial release is appropriate. Having determined that

---

**4.** Parenthetically, the Court also notes that the quantity of drugs associated with Oliver's cocaine conviction alone results in a base offense level of thirty-six, as 1,096 kilograms of cocaine base are equivalent to 21,920 kilograms of marijuana. *See* U.S.S.G. § 2D1.1 and the Drug Equivalency Tables provided in the Commentary. As a result, the quantity of

marijuana associated with Oliver's marijuana conviction did not increase his base offense level. *See* U.S.S.G. § 2D1.1(c)(2) (indicating a base offense level of thirty-six when the quantity of marijuana involved is at least 10,000 kilograms, but less than 30,000 kilograms).

Oliver's combined sentence will be ninety-six months, the Court now must apportion that total punishment between the underlying drug offenses and the § 3147 enhancement. *Cf. United States v. Wilson,* 966 F.2d 243, 249 (7th Cir.1992). In other words, the portion of Oliver's ninety-six month sentence that could have been imposed without the enhancement will be attributed to the drug convictions, and the portion that could not have been imposed without the enhancement (the remaining portion) will be attributed to that enhancement. *Id.*

Without the three-level enhancement, Oliver's net offense level would be twenty-five.[5] The proper sentencing range for a level-two criminal history and an offense level of twenty-five is sixty-three to seventy-eight months. Consequently, the Court may attribute anywhere from sixty-three to seventy-eight months of Oliver's sentence to his two drug convictions, so long as the "total punishment" (i.e., the sentence for the drug convictions *and* the § 3147 enhancement) does not exceed ninety-six months. *Id.*

In the present case, subject to the right of allocution, the Court will attribute seventy-two months of Oliver's ninety-six-month total punishment to his cocaine conviction in CR–3–96–98(12). Given that the statutory maximum penalty for Oliver's marijuana offense is sixty months, the Court will impose a concurrent sentence of sixty months for that conviction in CR–3–97–45. The remainder of Oliver's "total punishment" (twenty-four months) will be attributed to the § 3147 statutory enhancement and shall be served *consecu-*

*tively* to the foregoing concurrent sentences, as required by law. Accordingly, Oliver's total sentence, subject to his appearance in court for the exercise of his right to allocution, will be ninety-six months (seventy-two months, plus sixty months concurrent, plus twenty-four months consecutive).[6]

Based upon the foregoing analysis, the Defendant's Supplemental Motions for Reconsideration of Sentence (Doc. # 427 in Case No. CR–3–96–98(12); Doc. # 21 in Case No. CR–3–97–45) are OVERRULED. The Defendant's Motions for Reconsideration of Sentence (Doc. # 346 in Case No. CR–3–96–98(12), and Doc. # 20 in Case No. CR–3–97–45) are SUSTAINED, as set forth above. The Defendant's prior sentences in CR–3–96–98(12) and CR–3–97–45 are hereby VACATED.

Counsel will take note that a resentencing hearing has been scheduled for 4:00 p.m. on Wednesday, August 11, 1999. At that time, subject to the Defendant's exercise of the right of allocution, the Court intends to sentence the Defendant as set forth above.

---

**5.** Absent the enhancement, Oliver's base offense level for the grouped drug offenses is thirty-six. From that offense level, the Court subtracts two points for acceptance of responsibility and one point for timely notice of intent to plead guilty, resulting in an offense level of thirty-three. The Court also subtracts twenty-five percent (eight points) for substantial assistance, resulting in a base offense level of twenty-five.

**6.** Although the Court has computed and apportioned the Defendant's "total punish-

ment" in a manner consistent with U.S.S.G. § 2J1.7, that Sentencing Guideline inordinately complicates a relatively simple concept. The Court recognizes that § 2J1.7 is intended to integrate 18 U.S.C. § 3147 into the framework of the Sentencing Guidelines. Nevertheless, the process would be much less complicated if the Court could impose an appropriate sentence for the Defendant's substantive offenses, without any consideration of the § 3147 enhancement, and then simply tack on an appropriate enhancement under that statutory assessment.